UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLY MONROE (#103355)

VERSUS                                                    CIVIL ACTION

TROY PORET, ET AL                                         NUMBER 13-376-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 31, 2014.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLY MONROE (#103355)

VERSUS                                              CIVIL ACTION

TROY PORET, ET AL                                   NUMBER 13-376-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion To Dismiss Plaintiff's Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted. Record document number 25. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Assistant Warden Troy Poret, Col. James Cruze, Maj. William Richardson and Assistant Mental Health Director Cyndia Aquilina. Plaintiff alleged that he was issued a false disciplinary report, was attacked by a fellow inmate and was subjected to unconstitutional conditions of confinement, all in violation of his constitutional rights.[1]

For the reasons which follow, the defendants' motion should be granted in part, and denied in part.

---

[1] Record document number 23, Amended and Supplemental Complaint.

I. Factual Allegations

Plaintiff alleged that he was issued a false disciplinary report and was housed with mentally ill inmates in retaliation for refusing to be trained as a tier walker by mental health personnel. Plaintiff alleged that he was confined in administrative lockdown for six days pending a hearing on disciplinary charges. Plaintiff further alleged that prison officials failed to protect him from attack by a fellow inmate who they knew was mentally ill and the issued him a false disciplinary report following the incident. Finally, the plaintiff alleged that he was subjected to unconstitutional conditions of confinement when he was required to sleep [on a mattress] on the floor for 27 days and was exposed to the secondary effects of chemical agents unnecessarily used on other inmates.

II. Applicable Law and Analysis

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

**A. Motion to Dismiss Standard**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

3

**B. Eleventh Amendment Immunity**

Plaintiff brought this action against the defendants in their individual and official capacities but did not seek any injunctive relief.

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109

S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar as they were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, because the plaintiff did not seek prospective injunctive relief his claims against the defendants in their official capacities is not actionable under § 1983.

### C. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or

5

constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

**No Supervisory Liability**

Defendants argued that the plaintiff named Asst. Warden Poret, Col. Cruze, Maj. Richardson and Asst. Mental Health Director Aquilina as defendants but failed to allege facts against them which rise to the level of a constitutional violation.

To be liable under § 1983 a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)). The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act. *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Plaintiff did not allege any facts regarding a constitutionally deficient policy.

### No Conspiracy Claim

Plaintiff alleged that the defendants conspired to violate his constitutional rights.

To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982). The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v. Roberts, supra*.

### No Issuance of False Disciplinary Report Claim

Plaintiff alleged that the defendants conspired to issue him a false disciplinary report after he refused to be trained as a tier walker by mental health personnel. Plaintiff alleged that he was issued a false disciplinary report after he complained that he did not want to monitor mentally ill inmates. Plaintiff did not allege that any of the named defendants actually issued the disciplinary report or ordered it issued.

Even assuming one of the named defendants actually issued the allegedly false disciplinary report, the claim does not rise to the level of a constitutional violation.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of

due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). The procedures include the use of information provided by confidential informants. These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**No Confinement in Administrative Lockdown Claim**

Plaintiff alleged after being issued a disciplinary report on April 13, 2012, he was confined to administrative lockdown for six days before being brought before a disciplinary board regarding the April 13 disciplinary report.

An inmate may be placed in administrative lockdown pending completion of an investigation into misconduct charges against him. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

Plaintiff's claim that he was confined in administrative lockdown pending the disciplinary board hearing does not rise to the level of a constitutional violation.

**No Verbal Abuse Claim**

Plaintiff alleged that the defendants verbally threatened him. Allegations of verbal abuse alone do not present claims under

9

section 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations against the defendants regarding verbal abuse is therefore insufficient to raise a constitutional violation.

### Cell Assignment With Mentally Ill Inmate Claim

Plaintiff alleged that the defendants deliberately assigned mentally ill inmates to his cell after he refused to be trained as a tier orderly. Plaintiff alleged that on March 16, 2013, he was stabbed by a mentally ill inmate the defendants assigned to his cell. Plaintiff alleged that the defendants acted in concert to make it appear that the attack was a random incident.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Liberally construing the plaintiff's allegations as the court must, the plaintiff alleged that the defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

Plaintiff's claim that the defendants were deliberately indifferent to his safety is sufficient to state a claim upon which relief can be granted.

### No Conditions of Confinement Claim

Plaintiff alleged that for 27 days beginning on March 16, 2013, he was forced to sleep on the floor [presumably on a mattress]. Plaintiff further alleged that he was exposed to the secondary effects of chemical agents unnecessarily used on other inmates.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[2]

---

[2] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting `maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S.
(continued...)

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff did not allege any facts that he was deprived of a single identifiable human need.  Plaintiff's allegations are insufficient to rise to the level of a constitutional violation.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted in part, dismissing all of the plaintiff's claims except the plaintiff's claim that the defendants were deliberately indifferent to his safety when they housed in him in a cell with a known mentally ill inmate, and that this matter be referred back to the magistrate judge for further proceedings on the plaintiff's deliberate indifference claim.

Baton Rouge, Louisiana, March 31, 2014.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
at 302, 111 S.Ct. at 2326.