**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

BILLY MONROE (#103355)

VERSUS

TROY PORET, ET AL.

CIVIL ACTION

NO. 13-376-SDD-SCR

**RULING**

The Court has carefully considered the *Complaint*[1], the record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Judge Stephen C. Riedlinger dated October 27, 2014. Plaintiff has filed an *Objection*[3] which the Court has also considered.

For the reasons which follow, the Court declines to adopt the *Report and Recommendation* of the Magistrate Judge.

**I.  PROCEDURAL BACKGROUND AND CLAIMS REMAINING**

A brief discussion of the procedural background is necessary in order to clarify what claims remain. Defendants have previously filed a 12(b)(6) *Motion to Dismiss* asserting Eleventh Amendment Immunity and Qualified Immunity.[4] The Magistrate Judge issued a *Report and Recommendation*[5] which was adopted by the Court,[6] which granted in part and denied in part the Defendants' Motion. In the Court's Order adopting the Magistrate Judge's *Report and Recommendation* on the *Motion to Dismiss* this Court ordered:

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 65.
[3] Rec. Doc. 66.
[4] Rec. Doc. 25
[5] Rec. Doc. 27.
[6] Rec. Doc. 32.

Defendant's Motion to Dismiss is granted in part, dismissing all of the Plaintiff's claims except the Plaintiff's claim that the Defendants were deliberately indifferent to his safety when they housed him in a cell with a known mentally ill inmate. This matter is referred back to the Magistrate Judge for further proceedings on the Plaintiff's deliberate indifference claim.

In reviewing the record, the Court finds that the Plaintiff has also plead a claim of retaliation for the exercise of First Amendment rights, which was not addressed in the Defendants' *Motion to Dismiss* and, accordingly, remains viable, notwithstanding language to the contrary in the Court's *Order* cited above.

## II.  LEGAL ANALYSIS

Defendant's now move for summary dismissal of the Plaintiff's deliberate indifference claim for failure to exhaust administrative remedies.[7] Plaintiff has filed a cross motion.[8] After a review of the record, the Court finds that the Plaintiff, Billy Monroe, has complied with the PLRA[9] and exhausted the administrative remedies available to him.[10]

In his *Complaint*, Plaintiff alleges that, after filing a grievance,[11] the Defendants retaliated against him by placing him in administrative isolation and "fabricating" disciplinary actions against him.[12] Plaintiff filed a second administrative grievance[13] alleging that Defendants retaliated against him "for seeking an administrative grievance" and because his family members filed a complaint with the U.S. Department of Justice concerning the circumstances which formed the basis of his earlier grievance. In his second grievance (ARP 2012-3105), Monroe complained that "on April 18, 2012 I filed a

---

[7] Rec. Doc. 28.
[8] Rec. Doc. 31.
[9] Prison Litigation Reform Act.
[10] 42 USC 1997e(a).
[11] LSP ARP 2012-1177.
[12] Rec. Doc. 1.
[13] Rec. Doc. 5-2; LSP ARP 2012-3105, October 4, 2012.

Request for Administrative Remedy (Ref. LSP 2012-1177) [and] ask that I not be retaliated against for seeking adm. grievance but the retaliation has not stop". Among other things, Monroe complained of retaliatory cell assignments. He complained that "on at least three (3) occasions" Defendants, Asst. Warden Troy Poret, Col. James Cruze, and Maj. William Richardson "assigned only offenders with mental backgrounds and on mental health medications under the care of the prison psychiatrists as part of vengeance and retaliation. . .",[14] On March 16, 2013, six months after Monroe filed APR 2012-3105 complaining about retaliatory cell assignments, and only 3 days after the ARP process concluded,[15] Monroe was stabbed by Anthony Armstrong, an allegedly mentally ill inmate assigned to Monroe's cell.[16] While deliberate indifference is a discreet violation of the Eighth Amendment, in this particular case, the alleged indifference may also be evidence of alleged retaliation.

"The elements of a claim under a retaliation theory are the plaintiff's invocation of 'a specific constitutional right', the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation.[17]

In *Richard v. Martin*,[18] the Fifth Circuit found "problematic" the District Court's dismissal of a *pro se* prisoner's "claim of retaliation in connection with his placement in solitary confinement after filing a grievance regarding his medical care". The Court of Appeal found that "[o]n their face, Richard's allegations state a claim for retaliation. He invoked his First Amendment right to file a grievance and asserts that [correctional

---

[14] Rec. Doc. 5-2, p. 20.
[15] Rec. Doc. 5-2, LSP Second Step Response dated 3/13/2013.
[16] Rec. Doc. 31-2, Disciplinary Appeal.
[17] *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), *citing*, *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995) *cert. denied,* 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996).
[18] 390 F. App'x 323, 325 (5th Cir. 2010).

officers] retaliated against him for exercising that right by placing him [in solitary confinement] on the same day he submitted the grievance".[19]

### III. CONCLUSION

The Court finds that ARP 2012-3105 served the primary purposes of the grievance process, namely, to alert prison officials to a claim of retaliation.[20] The record substantiates that Defendants Poret, Cruze, and Richardson were, in fact, alerted to the Plaintiff's grievance of retaliation, as evidenced by the fact that each of them responded to ARP 2012-3105 in writing denying retaliation.[21] Apparently, the Defendants were of the impression that Monroe was complaining of retaliation for refusing to act as a tier walker, which standing alone would not constitute a predicate constitutional violation to support a retaliation claim. However a fair reading of Plaintiff's ARP 2012-3105 reveals that Monroe complained that he was being retaliated against for filing grievances.

Accordingly, the Defendants' *Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies*[22] is DENIED; the Plaintiff's Cross *Motion for Summary Judgment*[23] is GRANTED; and this matter is referred back to the Magistrate Judge for further proceedings as may be necessary.

Signed in Baton Rouge, Louisiana, on <u>December 3, 2014</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[19] *Id.* (internal citations omitted).
[20] *Johnson v Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) holding that the purpose of exhaustion requirement is to give prison officials a fair opportunity to address the problem that later became the basis of the action.
[21] Rec. Doc. 5-2, pp. 16-28.
[22] Rec. Doc. 28.
[23] Rec. Doc. 31.