UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BILLY MONROE (#103355)

VERSUS                                              CIVIL ACTION

TROY PORET, ET AL                                   NUMBER 13-376-SDD-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 27, 2015.

                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLY MONROE (#103355)

VERSUS                                                    CIVIL ACTION

TROY PORET, ET AL                                         NUMBER 13-376-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Defendants' Second Cross Motion For Summary Judgment and the Plaintiff's Second Cross Motion for Summary Judgment. Record document numbers 49 and 56, respectively.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Troy Poret, Col. James Cruze, Maj. William Richardson and Asst. Mental Health Director Cyndie Aquilina.[1] Plaintiff alleged that the defendants retaliated against him for exercising his First Amendment rights[2] and were

---

[1] This defendant was incorrectly identified as Cyndia Aquilina in the original and amended complaints. See record document numbers 1 and 23.

[2] On March 31, 2014, a Magistrate Judge's Report was issued recommending that the court grant, in part, the defendants' Motion To Dismiss Plaintiff's Amended Complaint For Failure To State A Claim Upon Which Relief Can be Granted (hereafter "Motion to Dismiss"). Record document number 27. Specifically, the report recommended dismissing all of the plaintiff's claims except the plaintiff's claim that the defendants were deliberately indifferent to safety. On March 28, 2014, the district judge adopted the magistrate judge's report. Record document number 32.
(continued...)

deliberately indifferent to his safety in violation of his Eighth Amendment rights.[3]

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of defendants Asst. Warden Poret, Col. Cruze, Maj. Richardson and Asst. Mental Health Director

---

[2](...continued)
On April 3, 2014, the defendants filed a Motion For Partial Summary Judgment For Failure To Exhaust Administrative Remedies. Record document number 28. On April 11, 2014, the plaintiff filed a Motion For Summary Judgment and Administrative Remedies Exhaust Claim. Record document number 31.
On October 27, 2014, a Magistrate Judge's Report was issued recommending that the plaintiff's Motion For Summary Judgment and Administrative Remedies Exhaust Claim be denied, that the defendants' Motion For Partial Summary Judgment For Failure To Exhaust Administrative Remedies be granted, and the plaintiff's complaint be dismissed for failure to exhaust administrative remedies. Record document number 65.
On December 3, 2014, the district judge declined to adopt the Magistrate Judge's Report. Record document number 67. In her Ruling, the district judge specifically held that the plaintiff's claim of retaliation for the exercise of First Amendment rights remains viable, notwithstanding language to the contrary in the Order adopting the Magistrate Judge's Report and recommendation on the defendants' Motion to Dismiss. Defendants moved for reconsideration of the Ruling. Record document number 68. That motion is still pending.
Both the plaintiff and the defendants filed their second motion for summary judgment before the district judge issued her Ruling on December 3, 2014. Neither motion addresses the plaintiff's First Amendment retaliation claim.

[3] All of the plaintiff's other claims were previously dismissed. Record document number 32, Ruling adopting the Magistrate Judge's Report on the defendants' Motion to Dismiss Plaintiff's Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted. However, in her December 3, 2014 Ruling, the district judge specifically held that the plaintiff's claim of retaliation for the exercise of First Amendment rights remains viable, notwithstanding language to the contrary in the Order adopting the Magistrate Judge's Report and recommendation on the defendants' Motion to Dismiss. Record document number 67.

Aquilina, the results of Administrative Remedy Procedures (hereafter, "ARP") LSP-2012-1177 and LSP-2012-3105, excerpts from the plaintiff's deposition taken on June 12, 2014, copies of the Raven 4 Shower Rosters from October 17, 2012 through March 17, 2013, a copy of LSP Penitentiary Directive No. HC-36, copies of disciplinary reports issued on April 13, 2012 and March 16, 2013, and the inmate location sheets and enemy lists for the plaintiff and inmate Anthony Armstrong.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, his affidavit, the results of ARPs LSP-2012-1177 and LSP-2012-3105 and copies of his inmate location sheets.

### I. Factual Allegations

Plaintiff alleged that the defendants were deliberately indifferent to his safety and retaliated against him for filing administrative grievances. Specifically, the plaintiff alleged that on April 13, 2012, he was issued a false disciplinary report in retaliation for refusing to be trained as a tier walker by the Mental Health Department.[4] Plaintiff alleged that a tier walker is required to monitor mentally ill inmates assigned to the cell block units.[5] Plaintiff alleged that he was issued a false disciplinary

---

[4] Record document number 23, Motion for Leave to Amended and Supplement Pleadings, considered as amended complaint. See record document number 24, Ruling on Motion for Leave to Amend Complaint.

[5] *Id.*

3

report on April 13, 2012 to cover up the defendants' actions and their retaliation against him for exercising his First Amendment right to file an administrative grievance complaining about the defendants' alleged wrongdoing.

Plaintiff alleged that between April 20, 2012, and April 12, 2013, the defendants assigned several inmates to his cell that they knew were mentally ill in retaliation for the plaintiff's filing an ARP complaining that he was issued a false disciplinary report after he refused to be trained as a tier walker and because his family contacted the U.S. Department of Justice Civil Rights Division.

Finally, the plaintiff alleged that the defendants were deliberately indifferent to his safety when, on three separate occasions, they assigned mentally ill inmates to his cell. Plaintiff alleged that on March 16, 2013, one of the three mentally ill inmates, Anthony Armstrong, stabbed him without provocation.

## II. Applicable Law and Analysis

**A. Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing

that there is a genuine issue for trial. Rule 56(c). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

### B. Qualified Immunity

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law

was settled at the time of the defendant's conduct, but rather when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

**C. Deliberate Indifference**

Plaintiff alleged that the defendants were deliberately indifferent to his safety when they assigned several inmates to his cell that they knew were mentally ill. Plaintiff alleged that the defendants knew that these inmates posed a serious risk to his safety. Plaintiff alleged that one such inmate, Anthony Armstrong, stabbed him on March 16, 2013, without provocation.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must draw the inference. *Id*.

The summary judgment evidence showed that on April 17, 2012, the plaintiff filed ARP LSP-2012-1177. In that ARP the plaintiff complained that on April 13, 2012, social worker Jackie Richards issued him a false disciplinary report in retaliation for complaining to her that she violated his civil rights by placing him on a mental health call out in order to train him as a tier walker and for telling her that he was going to have his family file a complaint against her with the United States Justice Department Civil Rights Division on his behalf.[6]

Richards issued the plaintiff a disciplinary report for defiance.[7] The disciplinary report stated that the plaintiff became loud, refused to be interviewed by Richards regarding a tier walker job, stood up, pointed his finger in her face and threatened to file a civil rights case against her.[8] The summary judgment evidence showed that the plaintiff was found guilty of the disciplinary charges and was sentenced to a quarters change to a working cell block.[9]

The summary judgment evidence showed that ARP LSP-2012-1177

---

[6] Record document number 49-3, pp. 4-5.

[7] *Id*. at 6.

[8] *Id*.

[9] *Id*.

7

was accepted on May 11, 2012.[10] The First Step was prepared by L. Loften on behalf of Aquilina and was denied by Warden Vannoy on June 13, 2012.[11] None of the defendants responded to ARP LSP-2012-1177, but Aquilina acknowledged that Richards told her about the incident.[12]

On September 27, 2012, the plaintiff filed ARP LSP-2012-3105 complaining that Warden Poret and unidentified Camp D security officers discriminated against him because his family filed a complaint with the United States Department of Justice Civil Rights Division against Warden Poret, Col. Cruze and Maj. Richardson and other Camp D supervisors regarding the April 13, 2012 incident.[13] Plaintiff complained that as a result of filing ARP LSP-2012-1177, the defendants retaliated against him by assigning to his cell, on three separate occasions, inmates with mental health backgrounds who were prescribed mental health medication and were under the care of a psychiatrist.[14] None of the inmates were identified in the ARP. Plaintiff further complained the Cell Block Review Boards discriminate against inmates with a limited medical duty status and

---

[10] *Id*. at 9.

[11] *Id*. at 10.

[12] Record document number 49-16, p. 2.

[13] Record document number 49-4, pp. 3-5. The ARP is dated September 27, 2012, is stamped "RECIEVED" by the Legal Programs Department on October 5, 2012, and was accepted October 19, 2012.

[14] *Id*.

8

he filed a complaint with the U.S. Department of Justice he was unable to get a fair hearing before the Review Board.[15] Plaintiff complained that confidential informants and confidential informant recruits are more likely to be released by the Cell Block Review Boards.[16] Plaintiff requested that the matter be investigated at (Department of Corrections) Headquarters, that he be moved to another working cell block where he could avoid the ongoing retaliation and appear before a fair and impartial Internal Review Board, that the practice of the walk-by Cell Boards be prohibited, and that Headquarters conduct an investigation into the arbitrary and vindictive actions of Warden Poret and security supervisors regarding walk-by Cell Special Boards.[17]

The summary judgment evidence showed that ARP LSP-2012-3105 was accepted on October 19, 2012,[18] the First Step Response was issued on February 6, 2013,[19] and the Second Step Response was issued on March 13, 2013.[20] On January 28, 2013, defendants Cruze, Poret and Richardson prepared responses to ARP LSP-2012-3105 in

---

[15] *Id*.

[16] *Id*.

[17] *Id*. at 5.

[18] *Id*. at 6.

[19] *Id*. at 7.

[20] *Id*. at 9.

which each denied that he retaliated against the plaintiff.[21]

On April 24, 2012, the plaintiff was transferred to Raven 4/L, cell "L28."[22] About six months later, on October 18, 2012, inmate Anthony Armstrong was transferred to Raven 4/L, "L-28", the cell already occupied by the plaintiff.[23] Inmate Armstrong was assigned to the plaintiff's cell almost two weeks **after** the plaintiff's ARP LSP-2012-3105 was received on October 5, 2012.[24] This sequence of events is significant because ARP LSP-2012-3105 could not have alerted the defendants to a serious risk posed by inmate Armstrong because Armstrong had not yet been assigned to a cell with the plaintiff when the ARP was received.

It is undisputed that the plaintiff and inmate Armstrong were assigned to the came Raven 4/L cell for approximately five months before they were involved in a fight on March 16, 2013.[25] During the incident, inmate Armstrong was observed stabbing the plaintiff's left arm with an ink pen.[26] Both inmates were issued

---

[21] *Id*. at 10-13.

[22] Record document number 56-1, Inmate Location Sheet, p. 9.

[23] Record document number 49-22, Inmate Location Sheet, p. 7.

[24] Record document number 49-4, pp. 3-5.

[25] Record document numbers 49-6 through 49-15, Shower Rosters for October 2012 to March 2013; record document number 49-21, Disciplinary Report, pp. 3-6..

[26] Record document number 49-21, Disciplinary Report. The Disciplinary report describes the event as a fight druing which
(continued...)

10

disciplinary reports for fighting and were both found guilty.[27] There is no summary judgment evidence showing that prior to the March 16, 2013 incident, either the plaintiff or inmate Armstrong were identified as an enemy of the other on their respective enemy lists.[28]

There is no summary judgment evidence in the record which shows that at the time the plaintiff filed ARP LSP-2012-3105 any defendant had deliberately assigned a inmate known to be mentally ill to the plaintiff's cell. Plaintiff failed to come forward with the identities of the three allegedly mentally ill inmates assigned to his cell and referred to in ARP LSP-2012-3105, and inmate Armstrong was not assigned to his cell when the ARP was filed.

Nor is there any evidence in the summary judgment record that inmate Armstrong is mentally ill. But even assuming inmate Armstrong is mentally ill, there is no summary judgment evidence to establish that any defendant knew the plaintiff faced a substantial risk of serious harm **from inmate Armstrong** and disregarded that

---

[26](...continued)
inmate Armstrong was "stabbing" the plaintiff with a pen. What appears to be a photo copy of the pen is attached to the Disciplinary Report. The pen does not appear to have been sharpened or otherwise modified. Plaintiff's medical records showed that the plaintiff sustained several abrasions to his left forearm with no open wound or bleeding and no other trauma as a result of the fight. Record document number 43-2, p. 7.

[27] *Id*.

[28] Record document number 49-22, pp. 20-23.

risk by failing to take reasonable steps to abate it. As noted above, the summary judgment evidence showed that the plaintiff lived with inmate Armstrong in the same cell for almost five months without incident.

Defendants should be granted summary judgment on the plaintiff's claim that the defendants were deliberately indifferent to his safety.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Second Motion for Summary Judgment be denied, and that the Defendants' Second Cross Motion For Summary Judgment be granted dismissing the plaintiff's deliberate indifference to safety claim.

Baton Rouge, Louisiana, January 27, 2015.

　　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE